**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| WILLIAM HAWKINS and CARLON HAWKINS, as guardians and next friends of K.L. BUTTS and K. L. BUTTS, surviving minor children of KURTAVIOUS L. BUTTS, deceased, : : : : : : : Plaintiffs, : : v.  : DIAN STODDARD, as the personal representative of the Estate of DAVID L. STODDARD, and JOHN DOES 1–4, : : : : : : Defendants. : : | CASE NO.: 1:24-CV-29 (LAG) |

# ORDER

Before the Court is Plaintiffs' Unopposed Motion to File Under Seal Exhibits to Motion to Approve Settlement of Minors' Claims (Motion to File Under Seal). (Doc. 23). Plaintiffs filed the Motion on April 21, 2025. (*Id.*). The same day, Plaintiffs filed the Unopposed Motion to Approve Settlement of Minors' Claims (Motion to Approve Settlement) (Doc. 24). In the Motion to File Under Seal, Plaintiffs move to file Exhibits B through G to the Motion to Approve Settlement under seal. (*Id.* at 1–2). The Exhibits are entitled: Minor's Pooled Trust, Proposed Release of Claims, Qualified Assignment, Settlement Statement, Details of Structured Settlement, and Plaintiff's Fee Agreement. (*Id.* ¶ 4)

In both civil and criminal cases, courts recognize a presumption in favor of public access to court records that is grounded in "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice." *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country

recognize a general right to inspect and copy public records and documents, including judicial records and documents."). A party may overcome this presumption, however, by demonstrating "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (explaining that restricting access to court filings may be appropriate if a litigant establishes "a sound basis or legitimate need to take judicial action" preventing public disclosure). Restricting access to court filings may be warranted when "[a] party's privacy or proprietary interest in information . . . overcomes the interest of the public in accessing the information." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citations omitted).

  Here, Plaintiffs represent that the exhibits to the Motion to Approve Settlement contain confidential settlement information, including information regarding minors. (Doc. 23 ¶ 6). Plaintiffs represent that as the confidential information "cannot be redacted from exhibits while still allowing the Court to review the necessary information regarding the settlement funds for the minor beneficiaries, this request is narrowly tailored to only" Exhibits B through G, which "contain such necessary by highly sensitive information." (*Id.*). Plaintiffs further request that the exhibits be permanently sealed pursuant to Middle District of Georgia Local Rule 5.4 rather than temporarily sealed because "a temporary sealing would not sufficiently address the privacy concerns and other interests at stake, which will remain after the conclusion of the instant action." (*Id.*). As the Exhibits include private information regarding the minor Plaintiffs and the settlement of their claims and as the request to seal is narrowly tailored, Plaintiffs have shown good cause to seal Exhibits B through G to the Motion to Approve Settlement.

  Both parties have further consented by email to the filing of Exhibits E and G *ex parte* because they "contain confidential information regarding case costs and attorney's fees." Email from Harshila Leva, Counsel for Plaintiff, to Marcia Alvarez Benavidez, Courtroom Deputy, U.S. District Court for the Middle District of Georgia (April 21, 2025, 12:31 PM) (on file with the Court); *see also* Email from Harshila Leva, Counsel for Plaintiff, to Marcia Alvarez Benavidez, Courtroom Deputy, U.S. District Court for the

Middle District of Georgia May 7, 2025, 10:58 PM) (on file with the Court) (Plaintiff's consent to filing the documents *ex parte*); Email from Paschal Glavinos, Counsel for Defendant, to Marcia Alvarez Benavidez, Courtroom Deputy, U.S. District Court for the Middle District of Georgia (May 7, 2025, 12:18 PM) (on file with the Court) (Defendant's consent to filing Exhibits E and G *ex parte*).

Accordingly, Plaintiffs' Motion to File Under Seal (Doc. 23) is **GRANTED**. The Clerk of Court is **DIRECTED** to file Plaintiffs' Exhibits B through G to the Motion to Approve Settlement (Doc. 24) under seal. The Clerk of Court is further **DIRECTED** to file Exhibits E and G *ex parte*.

**SO ORDERED**, this 4th day of June, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**